# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE, | CASE NO: 1:12-cv-00208-GBC (PC) |
| Plaintiff, | ORDER REVOKING IFP STATUS PURSUANT SECTION 1915(g) |
| v. | (Doc. 9) |
| L. GRIFFITH, et al., | |
| Defendants. | |

### I.  Procedural History

Tonie Elmore ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis ("IFP"). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on Feburary, 14, 2012. Doc.1. On March 23, 2012, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 7. On September 24, 2012, the Court issued an order to show cause as to why Plaintiff's IFP status should not be revoked pursuant to 28 U.S.C. 1915(g). Doc. 9. Over thirty days has passed and Plaintiff has failed to file a timely response.

### II.  Three Strikes

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

1

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). However, where the docket records do not reflect the basis for the dismissal, the Court should conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

After careful review, the Court finds the following cases count as strikes for being malicious and frivolous: 1) *Elmore v. Lamarque*, 3:00-cv-02269-CRB at Doc. 3, 2000 WL 1677958 (N.D. Cal. November 2, 2000) (failure to state a claim); 2) *Elmore v. Salinas Valley State Prison State Prison*, 3:00-cv-02929-CRB at Doc. 2 (N.D. Cal. August 25, 2000) (failure to state a claim); and 3) *Elmore v. Clark, et al.*, No. 3:00-cv-01275-CRB at Doc. 3 (N.D. Cal. August 25, 2011) (failure to state a claim). The Court notes that courts in *Elmore v. Castro, et al.*, 1:11-cv-02143-GSA at Doc. 11 (August 23, 2012); *Elmore v. Reitz*, No. 3:02-cv-03986, 2002 WL 2022758 (August 29, 2002) and *Elmore v. Brandon, et al.*, No. 3:00-cv-2361, 2000 U.S. Dist. Lexis 17686 (November 13, 2000) have previously determined that Plaintiff has accumulated three strikes. Moreover, Plaintiff does not allege that he faced imminent danger of serious physical injury at the time he filed his complaint.[2]

///

///

///

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[2] Plaintiff's allegations regarding inability to ejaculate after self stimulation does not fall within the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007).

III. **Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS:

1. To REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);
2. To VACATE the Court's order on March 23, 2012, directing the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;
3. That the Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF); and
4. That Plaintiff pay the $350.00 filing fee in full within thirty (30) days or this action would be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   October 29, 2012

UNITED STATES MAGISTRATE JUDGE