# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE ELMORE, | CASE NO: 1:12-cv-00208-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE |
| L. GRIFFITH, et al., | |
| Defendants. | |

**I.      Procedural History**

Tonie Elmore ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis ("IFP"). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on Feburary, 14, 2012. Doc.1. On March 23, 2012, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 7. On September 24, 2012, the Court issued an order to show cause as to why Plaintiff's IFP status should not be revoked pursuant to 28 U.S.C. 1915(g). Doc. 9. On October 29, 2012, the Court revoked Plaintiff's IFP status and ordered Plaintiff to pay the filing fee within thirty days of service of the order or the action would be dismissed without prejudice. Doc. 10. Thirty days has since passed and Plaintiff has not submitted the required payment.

**II.     Failure to Comply With Court Order and Failure to Prosecute**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need pay the filing fee. Doc. 10. The Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the

third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources and the statutory requirement that Plaintiff pays the filing fee to proceed with the complaint.   Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

In summary, Plaintiff has failed to comply with the Court order to pay the filing fee to comply with 28 U.S.C. 1915 for proceeding with this action.

## IV.   Conclusion and Order

Since Plaintiff has failed to respond to the Court's order filed on October 29, 2012, the Court HEREBY ORDERS: that Plaintiff's action is DISMISSED WITHOUT PREJUDICE for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated:     December 11, 2012

UNITED STATES MAGISTRATE JUDGE